IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDRES ORTEGA DIAZ                                                                                    PLAINTIFF

v.                         Civil No. 5:25-cv-05020-TLB-CDC

SHERIFF JAY CANTRELL, Washington
County, Arkansas; and JOHN DOE
MEDICAL CARE PROVIDER, Benton
County Detention Center                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

**I.     DISCUSSION**

Plaintiff filed this case on February 6, 2025. (ECF No. 1). The Plaintiff had failed to file an application to proceed *in forma pauperis* ("IFP"). He was ordered to submit a motion to proceed IFP or pay the filing fee by February 27, 2025. (ECF No. 2). He was advised that failure to comply would result in the dismissal of the case. *Id.* Additionally, in the same Order, Plaintiff was directed to submit an Amended Complaint by February 27, 2025. *Id.* He was advised that the case shall be subject to dismissal if he did not comply. *Id.*

Plaintiff failed to submit his motion to proceed IFP or pay the filing fee. As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Order,

1

a Show Cause Order was entered on February 27, 2025.  (ECF No. 5).  Plaintiff was given until March 20, 2025, to respond to the Show Cause Order.  *Id.*

Plaintiff also failed to return the signed consent/request for reassignment form.  (ECF No. 3).  A second notice regarding the form was sent giving Plaintiff until March 20, 2025, to submit the signed form.  (ECF No. 6).

Finally, Plaintiff failed to file his Amended Complaint.  For this reason, a Show Cause Order was entered.  (ECF No. 7).  Plaintiff was given until March 20, 2025, to respond to the Show Cause Order.  *Id.*

On March 11, 2025, mail sent to the Plaintiff was returned as undeliverable.  (ECF No. 8).  The mail was resent to a home address.  *Id.*  On March 21, 2025, the Court received Plaintiff's signed form requesting reassignment of the case to a District Judge.  The case was reassigned.

On March 27, 2025, the mail resent to the Plaintiff's home address was again returned as undeliverable with a notation:  Insufficient address—unable to forward.  Plaintiff did not file his Amended Complaint or his application to proceed IFP.  He has not paid the filing fee.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, pursuant to Rule 41(b), it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).   Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.

**RECOMMENDED** this 14th day of April 2025.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE